**ROB BONTA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVE, SUITE 11000
SAN FRANCISCO, CA  94102-7004

Public:  (415) 510-4400
Telephone:  (415) 510-3466
E-Mail:  Ian.Fein@doj.ca.gov

July 19, 2026

**VIA ACMS**

Anastasia Dubrovsky, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

RE:    *State of California, et al. v. Trump, et al.*, Nos. 26-1774, 26-1779
        Response to July 18 Letter of Defendants, Citing Supplemental Authority

Dear Ms. Dubrovsky:

The stay in *NAACP v. USPS*, No. 26-5257 (D.C. Cir.) does not support defendants' stay request here.  "'The most important' of the stay factors is the 'likelihood of success on the merits,'" *R.I. State Council of Churches v. Rollins*, 158 F.4th 304, 312 (1st Cir. 2025), and the merits analysis in the two cases is very different.  The central merits consideration in *NAACP* is whether USPS' implementation of Executive Order No. 14399 violates a settlement agreement.  Here, the central merits consideration is whether the EO unconstitutionally usurps powers entrusted to the States and Congress.  And unlike in *NAACP*, where defendants' stay motion focused on the settlement's terms and enforceability, *see* Mot. 13-20, No. 26-5257 (D.C. Cir.), defendants here make no effort to defend the EO on the merits.

Whether or not the D.C. Circuit was correct in viewing *NAACP*'s settlement-focused challenge as likely unripe, plaintiffs' constitutional challenge here is ripe.  Plaintiff States are differently situated than *NAACP*'s private plaintiffs, given the immediate harm suffered by state and local officials who administer elections and must prepare for the EO's rollout *now*.  Stay Opp. 15-22 & n.9.  And it is well-settled that plaintiffs may challenge government action before the completion of rulemaking where—as here—the legally relevant features of the challenged action are not "uncertain or contingent."  *Jensen v. R.I. Cannabis Control Comm'n*, 160 F.4th 18, 24-25 (1st Cir. 2025).  As plaintiffs have explained, Stay Opp. 8-14, there is no constitutional way to implement the EO's directives, including the directive for USPS to refuse to deliver ballots based on new enrollment rules.  Congress has not authorized that novel program, which threatens disenfranchisement, election administration interference, and voter confusion if rushed out before this fall's elections.  *Id.* at 9-10, 23-27.

The injunction here is also limited to elections on or before November 3, 2026, as well as to the plaintiff States, unlike the *NAACP* injunction. Accordingly, whatever may be said of defendants' irreparable-harm arguments in *NAACP*, any harm here is much less significant—and certainly does not outweigh the considerable threatened harm to state and local elections officials, voters, and the public.

Sincerely,

*/s/ Ian Fein*

IAN FEIN
Deputy Solicitor General

For    ROB BONTA
Attorney General

cc:  All Counsel of Record (via CM/ECF)